Mark D. Kremer (SB# 100978)
  m.kremer@conklelaw.com
John A. Conkle (SB# 117849)
  j.conkle@conklelaw.com
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Plaintiff Knoll, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MODERNO, INC., a California corporation, Inc.,<br><br>             Plaintiff,<br><br>   v.<br><br>KNOLL, INC., a Delaware corporation,<br><br>             Defendant. | CASE No. 13-CV-00124 DMG (JCx)<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT KNOLL, INC. TO TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**<br><br>Date:  March 8, 2013<br>Time:  9:30 a.m.<br>Courtroom: 7<br><br>Trial Date:       N/A |

2125.002\9994

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD.

PLEASE TAKE NOTICE THAT on March 8, 2013 at 9:30 a.m. in Courtroom 7 of the above entitled Court located 312 N. Spring Street, Los Angeles, CA 90012, Knoll, Inc. will and here by does move for an order transferring the above-captioned action from the United States District Court for the Central District of California to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404.

The grounds for the motion are that pending in the United States District Court in the Southern District of New York is an action between the same parties over the same subject matter as the instant action pending since January 2011.

The motion is based on this notice of motion, the declarations of George Gottlieb, Mark D. Kremer and Exhibits attached thereto, the complaint in this action and such other evidence that the Court may accept at the hearing of this motion.

This motion is brought after the attempt to meet and confer with counsel for Plaintiff pursuant to Local Rule 7-3. (Kremer Decl., ¶¶ 2 -7. Exs. K - P)

Dated: February 4, 2013
Mark D. Kremer
John A. Conkle, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: */s/ Mark D. Kremer*
Mark D. Kremer
Attorneys for Plaintiff Knoll, Inc.

# TABLE OF CONTENTS

Page

I. SUMMARY OF THE PRESENT MOTION ..................................................... 1

II. HISTORY OF THE TRADEMARK INFRINGEMENT ACTION IN THE SOUTHERN DISTRICT OF NEW YORK .............................................. 2

III. THE NEW CALIFORNIA ACTION ................................................................ 2

IV. ARGUMENT ..................................................................................................... 3

    A. JUDGE HELLERSTEIN HAS RULED THAT TRANSFER IS APPROPRIATE. ..................................................................................... 3

    B. THERE IS STRONG SUPPORT IN THIS CIRCUIT THAT A SECOND-FILED ACTION WHICH IS DIRECTLY RELATED TO AN EARLIER-FILED ACTION SHOULD BE TRANSFERRED TO THE COURT FIRST HAVING JURISDICTION OVER THE PARTIES. ................................................. 4

    C. BECAUSE THE SUBJECT MATTER OF MODERNO'S PRESENT COMPLAINT WAS A MANDATORY COUNTERCLAIM THAT IT FAILED TO BRING IN THE SDNY LITIGATION, MODERNO SHOULD BE PRECLUDED FROM LITIGATING IT IN A NEW FORUM. ..................................... 6

V. CONCLUSION ................................................................................................. 8

# MEMORANDUM OF POINTS AND AUTHORITIES

This Memorandum is submitted in support of the motion of Defendant Knoll, Inc. ("Knoll") to transfer this action, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Southern District of New York ("SDNY"), to the attention of District Court Judge Alvin K. Hellerstein.

## I. SUMMARY OF THE PRESENT MOTION

The parties to the present action, Knoll and Moderno, Inc. ("Moderno"), have been engaged in actively-pursued trademark infringement litigation since January 24, 2011 in the SDNY, where Knoll filed a complaint against Moderno. (Gottlieb Decl., ¶ 2) That action was assigned to Judge Hellerstein. (Id.) The complaint therein was for infringement of Knoll's registered trademarks for five items of furniture known as the "Barcelona Collection." (Gottlieb Decl., ¶ 2, Ex. A) Moderno answered and brought counterclaims, including an allegation of fraud on the U.S. Patent and Trademark Office ("USPTO"), but later chose to withdraw that claim. (Gottlieb Decl., ¶¶ 3-4) Moderno subsequently attempted to reassert its fraud claim against Knoll, but was twice denied by Judge Hellerstein (the second time, on Moderno's motion for reconsideration). (Gottlieb Decl., ¶¶ 5-7)

In what may only be characterized as an attempted end-run around Judge Hellerstein's rulings on Moderno's requests, Moderno has now chosen to file in this Court a declaratory judgment action asserting once again the same allegations asserted in the SDNY case, namely, that Knoll's five trademark registrations for the Barcelona Collection are invalid by reason of fraud on the USPTO. (Complaint, Docket No. 1.) Moderno's attempted evasion of Judge Hellerstein's rulings should not be countenanced. This action should be transferred to the SDNY, to the attention of Judge Hellerstein, a transfer which he has recently invited. (Gottlieb Decl., ¶ 11, Ex. J)

## II. HISTORY OF THE TRADEMARK INFRINGEMENT ACTION IN THE SOUTHERN DISTRICT OF NEW YORK

The SDNY trademark action was filed on January 24, 2011 and alleged infringement by Moderno and its principal, Mike Saxena, of numerous furniture design configurations protected by trademark registrations owned by Knoll. (Gottlieb Decl., ¶ 2, Ex. A)

Moderno and Saxena brought a counterclaim against Knoll, alleging that it committed fraud on the USPTO in obtaining its trademark registrations, but they subsequently withdrew that counterclaim voluntarily. (Gottlieb Decl., ¶¶ 3-4) Moderno and Saxena later moved to reassert that defense, filing a so-called Proposed Supplemental and Amended Counter-Complaint containing its allegations of fraud, which was rejected by Judge Hellerstein. (Gottlieb Decl., ¶¶ 5-6) Moderno's motion for reconsideration of that rejection was also denied by Judge Hellerstein. (Gottlieb Decl., ¶ 7)

## III. THE NEW CALIFORNIA ACTION

On January 8, 2013, Moderno filed the present action in the Central District of California. (Complaint, Docket No. 1.) The bulk of the complaint is identical to the Proposed Supplemental and Amended Counter-Complaint Moderno sought to file in the SDNY. (Gottlieb Decl., Ex. E; c.f. Complaint, Docket No. 1.) Notably, the allegations of fraud in the complaint are identical to the allegations Moderno sought to reassert against Knoll in the Proposed Supplemental and Amended Counter-Complaint. (Id.)

## IV. ARGUMENT

### A. JUDGE HELLERSTEIN HAS RULED THAT TRANSFER IS APPROPRIATE.

On January 14, 2013, Knoll presented to Judge Hellerstein a proposed Order to Show Cause Why Defendant Moderno, Inc. ("Moderno") Should Not Be Enjoined From Prosecuting The Just-Filed "California Action." (Gottlieb Decl., ¶ 10.) After review of Knoll's papers, Judge Hellerstein declined to grant the Order to Show Cause; however, he ruled that the factors favoring a transfer of this action to the SDNY were present, and that he would be willing to accept such a transfer. (Gottlieb Decl., ¶ 11, Ex. J) He denied Knoll's request for an injunction against Moderno solely because he believed that this Court should make the transfer determination. (Id.) His Order of January 14, 2013 stated in full:

Plaintiff seeks an order to show cause as to why Defendant should not be enjoined from filing a related action in the Central District of California. I agree that the subject of the newly-filed lawsuit in the Central District of California is the same subject as the counterclaim Defendant first filed here (and later voluntarily dismissed and was not permitted to re-assert), and it would waste judicial resources to litigate related claims in two different courts, but the district court in Central California should be the court making that determination, not I. Should that district court wish to transfer the case to me, I would accept the transfer. I therefore deny Plaintiff's request to issue an order to show cause. (Id.)

Judge Hellerstein's acknowledgment that the subject matter of the present action is identical to the SDNY case and that litigating the present action in California would be a waste of judicial resources is a strong indication that the factors for granting a motion to transfer are present here. Therefore, this Court should transfer the present action to Judge Hellerstein in the SDNY.

B. **THERE IS STRONG SUPPORT IN THIS CIRCUIT THAT A SECOND-FILED ACTION WHICH IS DIRECTLY RELATED TO AN EARLIER-FILED ACTION SHOULD BE TRANSFERRED TO THE COURT FIRST HAVING JURISDICTION OVER THE PARTIES.**

The Ninth Circuit recognizes the doctrine of federal comity whereby district courts should decline jurisdiction over an action that involves the same parties and issues that is pending in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The general rule in such cases is that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit, as no purpose would be served by proceeding with a second action. *Id.* at 95.

When considering this first-filed rule, courts of the Ninth Circuit consider factors such as convenience, judicial economy, and the need to include all parties and all issues in a single action. *Aurora Corp. of America v. Fellowes, Inc.*, 86 U.S.P.Q.2d 1127, CV07-8306 GHK (AJWx), 2008 WL 709198, at *1, 2008 U.S. Dist. LEXIS 24518, at *2 (C.D. Cal. Feb. 27, 2008. Courts have broad discretion to decide whether the convenience of the parties and the interests of justice necessitate a transfer of venue to another district with original jurisdiction. 28 U.S.C. § 1404(a); *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009), citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988), *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979), *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). However, District Courts should consider three threshold factors in applying the first-filed rule: the chronology of the two actions, the similarity of the parties, and the similarity of the issues. *Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000).

In this case, the interests of justice require that the action be transferred back to the SDNY. There is already an action pending in the SDNY concerning the same parties, the same subject matter and the same legal issues. Permitting two cases concerning the same parties and subject matter to proceed simultaneously in two forums will undermine the doctrine of federal comity, waste judicial resources and risk potentially inconsistent outcomes. *Shelby v. Factory Five Racing, Inc.*, CV08-7881 CAS (JTLx), 2009 U.S. Dist. LEXIS 15840, at *11-*12, 2009 WL 481555, at *3-*4 (C.D. Cal. Feb. 23, 2009). Additionally, transfer would be more convenient for both parties, as they are already litigating in the SDNY, and it would improve judicial efficiency to keep all disputes between them concerning the subject matter of the SDNY litigation within the same forum.

Further, the SDNY case has been ongoing since January 2011. (Gottlieb Decl., ¶ 2) This is not the case of a race to the courthouse or an anticipatory suit made in bad faith by Knoll. See, e.g., *Alltrade, Inc.*, 946 F.2d at 628; *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1194 (C.D. Cal. 2006); *Bryant*, 181 F. Supp. 2d at 1048. Judge Hellerstein has been involved in the SDNY case for two years and has become familiar with the issues and the parties during that time. See *Shelby*, 2009 U.S. Dist. WL at *11 (one factor in analyzing whether the interests of justice are served is whether one court is more familiar with the same parties and issues than other courts). Further, the SDNY case has progressed deep into litigation, with substantial motion practice and discovery, which is now closed. (Gottlieb Decl., ¶ 8.) Therefore, because the interests of justice strongly support transferring a second-filed case back to the court that reviewed and decided on prior litigation between the parties on the same issues, the present case should be transferred back to Judge Hellerstein in the SDNY. *Shelby*, 2009 U.S. Dist. WL at *12, citing *Weinberger v. Tucker*, 391 F. Supp. 2d 241, 245 (D.D.C. 2005).

### C. BECAUSE THE SUBJECT MATTER OF MODERNO'S PRESENT COMPLAINT WAS A MANDATORY COUNTERCLAIM THAT IT FAILED TO BRING IN THE SDNY LITIGATION, MODERNO SHOULD BE PRECLUDED FROM LITIGATING IT IN A NEW FORUM.

Moderno's present complaint alleges that Knoll obtained its trademark registrations through fraud on the USPTO and that its registrations are thus invalid. (Complaint, Docket No. 1.) However, this allegation is a compulsory counterclaim under the Federal Rules of Civil Procedure, which requires that a pleading state as a counterclaim any claim that arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The Ninth Circuit has held that the test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim, which is found when the counterclaim arises from the same aggregate set of operative facts as the initial claim, such that the same operative facts serve as the basis of both claims. *In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992); see also *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).

Moderno's fraud claims against Knoll are compulsory counterclaims because they arose out of the same facts of trademark infringement that Knoll alleged against Moderno in the SDNY case. Moderno's present complaint alleges no new facts that are not alleged in the SDNY case, and is substantially identical to the Proposed Supplemental and Amended Counter-Complaint that it sought to introduce in the SDNY litigation nearly six months ago. (Gottlieb Decl., Exs. E, F; c.f. Complaint, Docket No. 1) Indeed, Moderno originally brought these claims as counterclaims in the SDNY case before voluntarily withdrawing them, and then later attempted to reinstate those counterclaims in the SDNY case. (Gottlieb Decl., ¶¶ 3-5) Because both claims arise from the same set of facts, namely, Moderno's business of selling furniture items

that copy design configurations that are protected by Knoll's trademark registrations, and especially because Moderno has sought repeatedly to raise fraud as a counterclaim in the SDNY litigation, the logical relationship test has clearly been satisfied, and Moderno's claims are compulsory.

A party who fails to plead a compulsory counterclaim in a prior action is precluded from raising that claim in a later action. *MGA Entertainment, Inc. v. Mattel, Inc.*, SACV 11-01063 DOC (RNBx), 2012 WL 569389, at *12, 2012 U.S. Dist. LEXIS 22055, at *39 (C.D. Cal. Feb. 21, 2012), citing *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010). The rationale for this preclusion is that Rule 13(a) is designed to bring all logically related claims into a single litigation to avoid a multiplicity of lawsuits, and is particularly directed against parties who fail to assert a counterclaim which becomes the basis of their complaint in a new action. *Mitchell*, 611 F.3d at 1201, citing *Local Union No. 11, Int'l Brotherhood of Elec. Workers v. G.P. Thompson Electric, Inc.*, 363 F.2d 181, 184 (9th Cir. 1966). Moderno's behavior in bringing the present action is precisely what Rule 13(a) seeks to avoid, and directly contravenes its purpose. Therefore, this Court should deny Moderno's attempt to make an end-run around the federal rules and transfer the present action back to Judge Hellerstein at the SDNY, an action which he has invited.

## V. CONCLUSION

For the foregoing reasons, Knoll respectfully requests that this Court decline to accept the present case and order that it be transferred to the United States District Court for the Southern District of New York, attention: Judge Alvin K. Hellerstein. The Court is thus requested to consider the Proposed Order of Transfer provided herewith.

Dated: February 4, 2013

Mark D. Kremer
John A. Conkle, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: */s/ Mark D. Kremer*
Mark D. Kremer
Attorneys for Plaintiff Knoll, Inc.